**OTTINGER**

**EMPLOYMENT LAWYERS**

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street, 14th Fl.
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

Robert W. Ottinger
Direct: (917) 566-2037
robert@ottingerlaw.com

February 12, 2021

**By ECF**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Sq, Rm 2203

      Re:    **Piller Power Systems Inc. v. Jurek**
              **No. 21-CV-0793 (RA)**

Dear Judge Abrams:

      This office represents Defendant Justin Jurek in the above-referenced matter.  We write to request a stay because a matter involving the same parties and subject matter is pending in the Southern District of California.[1]  This case, and the one pending in California, both concern Plaintiff Piller Power's claim that Defendant Jurek, a former employee, violated their "Trade Secrets and Proprietary Information Covenant and Non-Compete Agreement" (the "Agreement"). Both cases involve the same parties, the same agreement and the same facts.  A stay is appropriate in the instant case because the Southern District of California, where the first-filed case resides, is the appropriate forum.

      Defendant Jurek lives and works in California.  He worked for Plaintiff Piller Power out of their California office from November 2010 to July 3, 2020 as a District Sales Manager – West Coast.  On July 6, 2020, Defendant Jurek started working in California for HiTec Power Protection, Inc. as head of their Western region.  Plaintiff Piller contends, among other things, that Defendant Jurek violated the Agreement by making allegedly untrue comments about Piller's products to Blue Origin, Inc. based in Seattle, Washington.  Piller also claimed that Defendant Jurek violated the non-compete portion of the Agreement by working for Hitech, a competitor.

      This dispute began brewing on October 23, 2020 when Plaintiff Piller sent Defendant Jurek a "cease and desist" letter alleging that he had violated the Agreement by working for Hitec and making comments to Blue Origin.  Piller insisted that Mr. Jurek was legally obligated by the Agreement to limit his sales efforts in California.  In order to determine his obligations under the Agreement, Mr. Jurek filed a declaratory relief action on November 18, 2020, in San Diego Superior Court, Case No. 37-2020-00042375-CU-BT-CTL (the "San Diego action).  On January 27, 2021, Plaintiff Piller removed that case to the Southern District of California, Case No. 21-cv-

---

[1] A notice of related cases has been filed by Defendant Jurek in this Court and is appended hereto as **Exhibit A**.

150 (the "S.D. Ca. action").  That same day, Plaintiff Piller filed an action in New York Supreme Court, Orange County, Case No. EF000616-2021, asserting claims for breach of contract with respect to the Agreement (the "Orange County" action).  Defendant Jurek removed the Orange County action to this Court.

As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority."  *Employers Ins. Of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008); *see also Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235 (E.D.N.Y.); *see also Kohn Law Group, Inc.*, 787 F.3d 1237 (9th Cir. 2015) ("The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court."); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289 (N.D. Cal. 2013).  "The 'first-filed' rule enables courts to prevent 'duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue.'"  *Wyler-Wittenberg*, 899 F. Supp. 2d at 244 *citing Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203 (E.D.N.Y. 2006).  The first-filed rule "generally applies where the two actions involve the same parties and embrace the same issues."  *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998); *see also Mastercard International, Inc. v. Lexcel Solutions, Inc.*, 2004 WL 1368299 (S.D.N.Y. 2004); *see also Kohn Law Group, Inc.*, 787 F.3d at 1240-41.

In accordance with this well-settled law, the District Court for the Southern District of California is the appropriate venue for the parties to litigate their dispute.  However, Plaintiff Piller has filed a motion to dismiss or, in the alternative, transfer the S.D. Cal. action to the Southern District of New York under 28 U.S.C. § 1404.  Defendant Jurek intends to oppose Plaintiff Piller's motion in the S.D. Cal. action.  Further, the S.D. Cal., as the first-filed case, is the appropriate forum to determine whether departure is warranted from the rule favoring the forum of the first-filed action.  *Silver Line Bldg. Products LLC v. J-Channel Industries Corp.*, 12 F. Supp. 3d 320 (E.D.N.Y. 2014); *see also Wallerstein*, 967 F. Supp. 2d at 1293 ("The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action.").  Further, given that the briefing on Plaintiff Piller's motion will occur in the S.D. Ca. action, litigating the appropriate venue in the instant case would "risk inconsistent results, exactly the outcome to be avoided by the [first-to-file] rule in the first place."  *Silver Line Bldg. Products LLC*, 12 F. Supp. 3d at 329.

Respectfully submitted,

Should Plaintiff oppose the motion to stay proceedings, it shall file a letter no later than February 19, 2021, articulating why the stay should not be granted.  Absent a response from Plaintiff by that date, the Court will consider the motion unopposed.
SO ORDERED.

The Ottinger Firm, P.C.

_____
Robert Ottinger

_____
Ronnie Abrams, U.S.D.J.
February 16, 2021

# EXHIBIT A

IH-32                                                                                          Rev: 2014-1

# United States District Court
## for the
## Southern District of New York
### Related Case Statement

---

Full Caption of Later Filed Case:

PILLER USA. INC., a New York
Corporation, d/b/a Piller Power Systems

| Plaintiff | Case Number |
|---|---|
| vs. | 1:21-cv-00793 |
| JUSTIN JUREK | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

JUSTIN JUREK

| Plaintiff | Case Number |
|---|---|
| vs. | 3:21-cv-150 |
| PILLER USA. INC., a New York Corporation, d/b/a Piller Power Systems | |
| Defendant | |

Page 1

IH-32                                                                                          Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☒ Open      (If so, set forth procedural status and summarize any court rulings.)

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

This case, and the one pending in California, both concern Plaintiff Piller Power's claim that Defendant Jurek, a former employee, violated their "Trade Secrets and Proprietary Information Covenant and Non-Compete Agreement" (the "Agreement"). Both cases involve the same parties, the same agreements and the same facts. Both cases concern Defendant Jurek's post-employment conduct and obligations to Piller Power.

Signature: _____        Date: February 12, 2021

Firm: The Ottinger Firm, P.C.